IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-01482-NYW-NRN

CYNTHIA RENEE LECLEAR,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## ORDER

This matter is before the court on Defendant's Partial Motion to Dismiss Plaintiff's Claims of Common Law Bad Faith and Unreasonable Delay or Denial of Benefits Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, With Prejudice (the "Motion" or "Motion to Dismiss"). [Doc. 10]. The Court concludes that oral argument would not materially assist in the resolution of this matter. Accordingly, upon review of the Motion, the related briefing, and the applicable case law, the Court respectfully **GRANTS in part** and **DENIES in part** the Motion to Dismiss.

## BACKGROUND

The Court takes the following facts from the Complaint for Damages and Jury Demand (the "Complaint"), [Doc. 4], and presumes they are true for purposes of the Motion to Dismiss. On March 17, 2021, Plaintiff Cynthia Renee LeClear ("Plaintiff" or "Mrs. LeClear")[1] was driving her vehicle in Arvada, Colorado. [*Id.* at ¶ 6]. As Mrs. LeClear

---

[1] Both Parties refer to Plaintiff as "Mrs. LeClear." *See, e.g.*, [Doc. 10 at 1; Doc. 14 at 1].

traveled through an intersection, another vehicle pulled out from a stop sign and collided with the right-rear side of Mrs. LeClear's vehicle.  [*Id.* at ¶ 8].  The force of the impact lifted Mrs. LeClear's vehicle off the ground and sent it spinning—airborne—to the left 180 degrees.  [*Id.* at ¶ 9].  An officer from the Arvada Police Department who responded to the scene determined that the other driver was at fault for the collision.  [*Id.* at ¶ 10].

Mrs. LeClear suffered several injuries as a result of the collision, including, inter alia, a concussion; neck and lower back pain; cervical and lumbar intervertebral disc disorders with radiculopathy; sprained ligaments in her cervical, thoracic, and lumbar spines; pain, stiffness, and effusion in her right knee; and acute post-traumatic headaches.  [*Id.* at ¶ 12].  Plaintiff's incident-related medical expenses exceed $266,000, [*id.* at ¶ 44], and a medical expert recommends future treatments anticipated to exceed $200,000, [*id.* at ¶ 35].

At the time of the collision, Plaintiff was insured under an automobile insurance policy (the "Policy") issued by Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm").  [*Id.* at ¶ 14].  The Policy provided underinsured motorist ("UIM") coverage with a $250,000 limit.  [*Id.*].  The other driver held bodily injury insurance coverage through non-party Progressive Direct Insurance Company ("Progressive"), with a $100,000 limit.  [*Id.* at ¶ 18].  The other driver's policy limit was insufficient to cover Mrs. LeClear's losses.  [*Id.* at ¶ 19].  Accordingly, Mrs. LeClear filed a UIM claim with State Farm on April 12, 2021.  [*Id.* at ¶ 21].  With State Farm's written consent, Mrs. LeClear settled her bodily injury liability claim against the other driver for the policy limits.  [*Id.* at ¶¶ 24, 26, 28].  Progressive issued payment to Mrs. LeClear on December 9, 2021.  [*Id.* at ¶ 29].

On February 15, 2022, Mrs. LeClear provided State Farm with the medical records and bills she had received to date, which reflected more than $96,000 in medical expenses (the "February 15 Submission"). [*Id.* at ¶ 30]. State Farm requested a signed authorization for release of information and complete medical provider list from Mrs. LeClear, which Mrs. LeClear submitted on February 25, 2022. [*Id.* at ¶ 31]. On March 11, 2022, Mrs. LeClear provided State Farm with a summary of the medical expenses incurred and submitted to State Farm as of that date. [*Id.* at ¶ 32]. Two days later, State Farm acknowledged receipt of Mrs. LeClear's medical records and bills and "advised that it would review the submission." [*Id.* at ¶ 33 (the "Acknowledgement of Receipt")].

More than a year later, on April 14, 2023, Mrs. LeClear asked State Farm to evaluate her UIM claim (the "Evaluation Request"). [*Id.* at ¶ 34]. In Mrs. LeClear's April 2023 Evaluation Request, she provided extensive documentation of her damages and losses, including medical records and bills exceeding $184,000 and a medical expert's report recommending future treatment "anticipated to exceed" $200,000. [*Id.* at ¶ 35]. State Farm responded to the Evaluation Request on May 15, 2023. [*Id.* at ¶ 36]. In that response, State Farm requested an updated authorization for release of information, a list of Mrs. LeClear's medical providers for the two years prior to the collision, and Mrs. LeClear's medical records for the same period. [*Id.*]. State Farm also advised that a request for an independent medical examination ("IME") was likely to follow. [*Id.*].

Mrs. LeClear provided the requested documents to State Farm on June 2, 2023. [*Id.* at ¶ 37]. Less than three weeks later, State Farm acknowledged receipt of the same and requested Mrs. LeClear's participation in an IME. [*Id.* at ¶ 38]. Accordingly, Mrs. LeClear underwent an IME with Dr. Thomas O'Brien on August 14, 2023. [*Id.* at ¶ 39].

On August 30, 2023, State Farm advised Mrs. LeClear that it had determined, based on its evaluation of her UIM claim, that the value of her claim fell within the Progressive policy limits. [*Id.* at ¶ 40]. State Farm also provided the IME report ("IME Report") from Dr. O'Brien, who opined that Mrs. LeClear did not sustain any injuries in the March 17, 2021 collision. [*Id.* at ¶ 41].

On March 6, 2024, Mrs. LeClear provided State Farm with additional medical records and bills for treatment she had received since relocating to Wisconsin.[2] [*Id.* at ¶ 42]. As of that date, Mrs. LeClear's collision-related medical expenses exceeded $266,000. [*Id.* at ¶¶ 44–45]. State Farm acknowledged receipt of this additional documentation the next day and advised that it would "evaluate" the same. [*Id.* at ¶ 43]. State Farm did not issue any payment of UIM benefits to Mrs. LeClear prior to the filing of this lawsuit. [*Id.* at ¶ 45].

Mrs. LeClear initiated this lawsuit on March 14, 2024, in the District Court for the City and County of Denver, Colorado, asserting the following claims against State Farm: (1) breach of contract for payment of uninsured motorist benefits ("Claim One"); (2) common law bad faith breach of insurance contract ("Claim Two"); and (3) unreasonable delay and denial of insurance benefits under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 ("Claim Three"). [*Id.* at 5–8]. State Farm removed the action to the United States District Court for the District of Colorado on May 24, 2024, *see* [Doc. 1], and filed the instant Motion to Dismiss on May 31, 2024, [Doc. 10]. State Farm seeks dismissal of Plaintiff's bad faith breach of insurance contract and statutory unreasonable

---

[2] The date of Mrs. LeClear's relocation to Wisconsin is not clear from the face of the Complaint. *See generally* [Doc. 4].

4

delay/denial claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See generally* [*id.*]. Mrs. LeClear responded to the Motion, [Doc. 14], and State Farm replied, [Doc. 15]. The Motion is thus ripe for review, and the Court considers the Parties' arguments below.

## LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claims "across the line from conceivable to plausible."). The Court must ultimately "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ANALYSIS

Defendant seeks dismissal of Claims Two and Three for failure to state a claim under Rule 12(b)(6). *See* [Doc. 10]. More specifically, State Farm asserts that Plaintiff's

5

common law bad faith and statutory unreasonable delay/denial claims should be dismissed because Plaintiff fails to plausibly allege that State Farm acted unreasonably in handling Plaintiff's UIM claim.  *See generally* [*id.*].

I.      **Applicable Law**

Colorado law provides for two types of bad faith claims arising out of an alleged breach of an insurance contract:  (1) common law bad faith breach of an insurance contract; and (2) unreasonable delay or denial of insurance benefits under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116, also referred to as "statutory bad faith."  *Dowgiallo v. Allstate Ins. Co.*, No. 19-cv-03035-KMT, 2020 WL 1890668, at *2 (D. Colo. Apr. 16, 2020). The two claims are similar, but nevertheless distinct.

"[B]oth common law and statutory bad faith claims require a showing of unreasonable conduct."  *McKinney v. State Farm Mut. Auto. Ins. Co.*, No. 20-cv-01651-CMA-KLM, 2021 WL 4472921, at *4 (D. Colo. Sept. 30, 2021).  To state a claim of unreasonable delay or denial under § 10-3-1115, an insured must allege that:  (1) the insurer delayed or denied payment of benefits to the insured, and (2) the delay or denial was without a reasonable basis.  *Am. Family Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1185–86 (Colo. 2018); *see also* Colo. Rev. Stat. § 10-3-1115(1)(b)(II)(B)(2) ("[A]n insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.").

"The requirements of a common law bad faith claim under Colorado law are heightened in comparison to those of a statutory bad faith claim."  *Butman Fam. Inv. Ltd. P'ship v. Owners Ins. Co.*, No. 19-cv-01638-KLM, 2020 WL 1470801, at *8 (D. Colo. Mar. 25, 2020).  In addition to showing that the insurer delayed or denial the payment of

6

benefits without a reasonable basis, "a common law insurance bad faith claim requires the insured to sufficiently allege . . . that the insurer knowingly or recklessly disregarded the validity of the insured's claim." *Id.* (citing *Fisher v. State Farm Mut. Auto. Ins. Co.*, 419 P.3d 985, 990 (Colo. App. 2015)).

## II.     Materials Considered at the Pleadings Stage

As a threshold matter, the Court defines the scope of the materials considered in its analysis of the instant Motion. In briefing the Motion to Dismiss, the Parties rely upon—and attach to their briefs—four documents outside of the four corners of the Complaint: (1) Mrs. LeClear's February 15 Submission, *see* [Doc. 15-1]; (2) Mrs. LeClear's April 14, 2023 Evaluation Request, *see* [Doc. 10-1]; (3) State Farm's May 15, 2023 response to the Evaluation Request, *see* [Doc. 10-2] (together, "the Letters"); and (4) the IME Report that State Farm attached to its August 30, 2024 correspondence to Mrs. LeClear, *see* [Doc. 14-1].

Typically, a court may not consider documents outside of the complaint in considering a motion to dismiss unless it first converts the motion into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). However, "[a] district court may consider a document outside the four corners of a complaint in deciding a Rule 12(b)(6) motion if the document is (1) central to the plaintiff's claim, (2) referred to in the complaint, and (3) free of any genuine dispute over its authenticity." *Tufaro v. Oklahoma ex rel. Bd. of Regents of Univ. of Okla.*, 107 F.4th 1121, 1131 (10th Cir. 2024) (cleaned up).

The Letters and IME Report meet all three factors. First, the Letters are "central" to Plaintiff's bad faith claims insofar as they are correspondence between the Parties

7

regarding the underlying UIM claim. [Doc. 4 at ¶¶ 30, 34–36]. As for the IME Report, Plaintiff alleges that State Farm included the IME Report with its August 30, 2023 letter advising her of its position that she was not entitled to UIM benefits under the Policy. [*Id.* at ¶¶ 40–41]. Next, the Letters and IME Report are "referred to" by name and discussed in the Complaint. *See, e.g.*, [*id.* at ¶¶ 30, 34–36, 40–41]. Finally, neither Party challenges the authenticity of the Letters or IME Report, and indeed, each rely on them. *See generally* [Doc. 10; Doc. 14; Doc. 15].

Accordingly, the Court concludes that it may consider the Letters and the IME Report in deciding the instant Motion to Dismiss.

### III. Unreasonable Conduct

Turning to the merits, Defendant challenges the sufficiency of Claims Two and Three. According to State Farm, Plaintiff's allegations are insufficient to satisfy the unreasonable conduct element common to both claims. [Doc. 10 at 9–12]. Specifically, State Farm asserts that Plaintiff's bad faith claims "include nothing more than conclusory statements or formulaic recitations of the elements" of her claims, [*id.* at 2], and are "devoid of any necessary specific factual allegations" explaining "how, when, or in what manner State Farm unreasonably delayed or denied payment of her UIM claim," [*id.* at 10]. With respect to Mrs. LeClear's non-conclusory allegations, State Farm argues that these facts, "[a]t best . . . demonstrate that State Farm arrived at a lower valuation of her claim than what she believes is appropriate." [*Id.* at 11 (emphasis omitted)]. State Farm argues that this is insufficient to plausibly state a claim for common law bad faith or unreasonable delay/denial.

In her Response, Plaintiff argues that "State Farm's actions amount to more than this UIM claim simply being a value dispute." [Doc. 14 at 16]. Plaintiff offers two theories of liability to support her argument that she has sufficiently alleged that State Farm acted unreasonably: (1) State Farm's failure to act on Plaintiff's UIM claim between February 2022 and May 2023, and (2) State Farm's selection of Dr. O'Brien to conduct Plaintiff's IME and subsequent reliance on Dr. O'Brien's "erroneous and absurd" opinions in the IME Report. *See generally* [*id.*].

"At the motion to dismiss stage . . . it is not for the Court to decide whether [the defendant's] conduct was reasonable as a matter of law or constituted bad faith." *Hometown Cmty. Ass'n, Inc. v. Phila. Indem. Ins. Co.*, No. 17-cv-00777-RBJ, 2017 WL 6335656, at *8 (D. Colo. Dec. 12, 2017). Nevertheless, the Court still must determine whether Plaintiff's facts are sufficient to plausibly state a claim for bad faith. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) ("The court's function on a Rule 12(b)(6) motion is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." (quotation omitted)). Here, "the Court has a responsibility to ensure that the facts as pleaded are sufficient to state more than a simple value dispute." *Jenkins v. USAA Cas. Ins. Co.*, No. 22-cv-01392-MDB, 2023 WL 2648009, at *4 (D. Colo. Mar. 27, 2023). To survive Rule 12(b)(6) dismissal of her bad faith claims, Plaintiff must allege specific facts that plausibly establish that State Farm acted unreasonably in the handling of her UIM claim. *See id.* Thus, the Court applies this standard in considering each theory in turn.

### A. Failure to Act Between February 2022 and May 2023

First, Plaintiff argues that she has plausibly alleged that State Farm acted unreasonably insofar as 428 days passed between State Farm's Acknowledgement of Receipt and "first response to [Plaintiff]'s request for evaluation" of her UIM claim on May 15, 2023. [Doc. 14 at 11]. Specifically, Plaintiff argues that she has plausibly alleged that State Farm acted unreasonably by failing to provide her with its "evaluation" of the medical documentation she submitted on February 15, 2022; and by failing to use the authorization and medical provider list forms she provided on February 25, 2022 "to investigate [her] claims." [*Id.* at 11–12].

Despite Plaintiff's argument, her *Complaint* does not allege that State Farm failed to investigate or evaluate her claim between February 2022 and April 2023. *See* [Doc. 4 at ¶¶ 30–33]. Instead, Plaintiff's Response relies on new factual allegations that State Farm: (1) "never provided Mrs. LeClear with its evaluation" of the February 2022 medical information;[3] (2) "never used the signed authorization and medical provider list forms to investigate" her claim; and (3) "did not give Mrs. LeClear any indication as to how it was considering her UIM claim until its first response to Mrs. LeClear's request for evaluation on May 15, 2023." [Doc. 14 at 11]. Mrs. LeClear "cannot amend her complaint by adding factual allegations in response to Defendant's motion to dismiss," *Abdulina v. Eberl's Temp. Servs., Inc.,* 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015), and the Court cannot

---

[3] Even if Plaintiff had alleged any unreasonable delay by State Farm based on her February 15 Submission (she did not), this allegation would not be entitled to the presumption of truth because it is contradicted by the contents of her February 15 Submission, which expressly states that she was "<u>not</u> requesting State Farm to fully evaluate the claim at this time." [Doc. 15-1 at 1 (emphasis added)]. *See Tufaro*, 107 F.4th at 1131–32 ("[F]actual allegations that contradict a properly considered document are not well-pleaded facts that the court must accept as true." (cleaned up)).

10

consider factual allegations raised for the first time in a response brief, *see Smallen v. W. Union Co.*, 950 F.3d 1297, 1305 (10th Cir. 2020) (the Court can "only consider facts alleged in the complaint itself in evaluating the sufficiency of the complaint").

Further, a claim for unreasonable delay based solely on the timing of State Farm's actions between February 2022 and May 2023 is unsupported by the factual allegations that *are* contained in the Complaint. The collision occurred on March 17, 2021. [Doc. 4 at ¶ 6]. At the time of the collision, the other driver carried $100,000 in bodily injury insurance coverage with Progressive. [*Id.* at ¶ 18]. With State Farm's written consent, Mrs. LeClear accepted Progressive's $100,000 bodily injury liability policy limits offer and released the other driver on December 8, 2021. [*Id.* at ¶ 28]. The following day, Progressive issued payment to Mrs. LeClear. [*Id.* at ¶ 29]. The Complaint alleges that as of February and March 2022, the medical expenses "exceeded $96,000." [*Id.* at ¶¶ 30–33]. But there is no allegation that Mrs. LeClear submitted documentation that her damages exceeded $100,000 at that time. The Complaint does not allege that Mrs. LeClear or her counsel submitted documentation that her losses exceeded the $100,000 coverage from the other driver until April 14, 2023. [*Id.* at ¶¶ 33–35]. To the extent that Plaintiff avers that State Farm responded to her Evaluation Request on May 15, 2023, [*id.* at ¶ 36], the period of the purported delay by State Farm is not February 2022 to May 2023, but April 2023 to May 2023. Generally, without more factual allegations, a one-month delay between the submission of documentation and a response to a request for evaluation would not support an inference of unreasonable delay. *See Simental v. State Auto. Mut. Ins. Co.*, No. 21-cv-01725-CMA-NYW, 2022 WL 204603, at *3 (D. Colo. Jan. 24, 2022) (concluding that pleading a delay of 57 days without payment of undetermined

11

UIM benefits does not give rise to an inference of unreasonable delay to avoid dismissal) (citing *Villa Maison Homeowners Ass'n, Inc. v. Owners Ins. Co.*, No. 17-cv-01542-RM-KMT, 2018 WL 11182673, at *2 (D. Colo. July 9, 2018) (dismissing unreasonable delay claim where "[t]he only non-conclusory allegation is that, at the time the Complaint was filed, defendant had taken somewhere around three months to consider plaintiff's claimed loss")).

### B.     Selection of Dr. O'Brien and Reliance on His Opinions

Next, Plaintiff argues that she has plausibly alleged that State Farm's selection of Dr. O'Brien and its reliance on his opinions and the IME Report was unreasonable. [Doc. 14 at 5–6, 13–14]. The only allegations relating to Dr. O'Brien or the IME Report contained in the Complaint consist of the allegations that State Farm requested an IME, to which Mrs. LeClear submitted; the IME physician, Dr. O'Brien, later opined that Mrs. LeClear did not sustain any injury as a result of the March 2021 collision; and State Farm provided Dr. O'Brien's IME Report with its letter advising Mrs. LeClear of its position on her entitlement to UIM benefits. [Doc. 4 at ¶¶ 36, 38–41].

Notably, Plaintiff's argument that State Farm acted unreasonably relies on new factual assertions that the "erroneous and absurd" opinions in the IME Report were provided by Dr. O'Brien, "who does not regularly treat the injuries sustained by Mrs. LeClear." [Doc. 14 at 6, 13]. But the Complaint fails to allege any facts to support the inference that Dr. O'Brien was not qualified to conduct the IME. *Compare* [Doc. 4], *with* [Doc. 14 at 16 (Plaintiff asserting for the first time in her Response that Dr. O'Brien "does not even practice in the same specialty or treat the same injuries as Mrs. LeClear's treating physicians"); *id.* at 13 (asserting for the first time that "[a]ny reasonable insurer

12

would have first selected an IME physician who actually treats the injuries claimed by their insured")].

Similarly, Plaintiff's arguments as to the "erroneous" opinions contained in the IME Report rely on new allegations asserted for the first time in her Response.  *See, e.g.*, [Doc. 14 at 13 (asserting that Dr. O'Brien's opinions were "erroneous and absurd"); *id.* at 14 ("All of Mrs. LeClear's medical providers agree that the medical treatment claimed in this case was caused by the collision."); *id.* at 16–17 ("[Plaintiff's] treating providers . . . are all in agreement that Mrs. LeClear's injuries were caused by the loss.")].  Moreover, to the extent "Plaintiff disagrees with [Dr. O'Brien's] findings, mere disagreement of this sort is insufficient for Plaintiff to sustain [her] bad faith claim."  *Cf. Avalon Condo. Ass'n, Inc. v. Secura Ins.*, No. 14-cv-00200-CMA-KMT, 2015 WL 5655528, at *5 (D. Colo. Sept. 25, 2015) (granting summary judgment in favor of insurer on insured's common law bad faith claim upon finding that "as a matter of law, [the insurer's] reliance on the report was not unreasonable").

    **C.**    **Generic Allegations**

Absent any specific ties to the facts of this case, Mrs. LeClear's generic allegations of wrongful conduct are insufficient for her common law bad faith claim to survive dismissal under Rule 12(b)(6).  [Doc. 4 at ¶¶ 64(a)–(j)]; *see, e.g.*, *Zarevo v. State Farm Mut. Auto. Ins. Co.*, No. 22-cv-00117-RMR-NYW, 2022 WL 1061910, at *6 (D. Colo. Apr. 8, 2022), *report and recommendation adopted*, 2022 WL 3099205 (D. Colo. June 15, 2022); *Villa Maison*, 2018 WL 11182673, at *3 (an "unexplained" "list of actions in which defendant allegedly engaged" was insufficient to support a bad faith claim); *Iqbal*, 556 U.S. at 678 ("naked assertion[s] devoid of further factual enhancement" are insufficient to

13

state a claim). With respect to specific factual allegations, the Complaint alleges that Mrs. LeClear submitted medical documentation and signed authorization and medical provider forms to State Farm in February 2022; State Farm confirmed receipt of the same in March 2022; Mrs. LeClear requested evaluation of her UIM claim in April 2023; State Farm responded to that request in May 2023 by asking for updated authorization and medical provider forms, and advising Mrs. LeClear that an IME was likely; Mrs. LeClear provided the requested information in June 2023 and submitted to an IME with Dr. O'Brien on August 14, 2023; State Farm relied on Dr. O'Brien's IME Report in its August 30, 2023 letter advising Mrs. LeClear of its position that she was not entitled UIM benefits because her losses did not exceed the $100,000 policy limit paid by Progressive; and Mrs. LeClear submitted additional medical documentation to State Farm 8 days before filing this lawsuit. [Doc. 4 at ¶¶ 30–43].

At this stage, this Court accepts all well-pled facts in Mrs. LeClear's Complaint as true. However, a court is not required to accept conclusory allegations or "legal conclusions masquerading as factual conclusions." *See Ware v. Denver Health,* No. 09-cv-01103-REB-BNB, 2009 WL 4506409, at *1 (D. Colo. Nov. 24, 2009) (quotation omitted). The Complaint lacks any specific allegations of unreasonable conduct by State Farm, and the mere fact that State Farm concluded that Mrs. LeClear was not entitled to UIM benefits is insufficient. *Cf. Kaiser v. Mountain States Mut. Cas. Co.*, No. 12-cv-01757-DME-KLM, 2013 WL 179454, at *5 (D. Colo. Jan. 17, 2013) (the plaintiffs failed to state a bad faith claim where they "[did] not identify any act of [the defendant], other than its failure to pay the claim, to support their assertion that [the defendant] was unreasonable, or that it knowingly or recklessly disregarded their claim").

The Court respectfully concludes that these allegations fail to demonstrate more than a valuation dispute between the Parties and, thus, fail to support an inference of unreasonable conduct by State Farm.  *See Yale Condos. Homeowner's Ass'n v. Am. Fam. Mut. Ins. Co.*, No. 19-cv-02477-KMT, 2021 WL 1222518, at *7 (D. Colo. Apr. 1, 2021) ("Unreasonable conduct cannot be established by virtue of a mere disagreement of value between the insured and insurer."); *compare Haynes v. Allstate Fire & Cas. Ins.*, No. 19-cv-02397-STV, 2020 WL 816043, at *5 (D. Colo. Feb. 18, 2020) (denying motion to dismiss statutory bad faith claim where plaintiff alleged that insurer used inappropriate computer programs to reduce her medical bills and evaluate her claims *and* failed to pay plaintiff the amount of undisputed benefits to which she was entitled).

### D.     No "Plausible Grounds" to Conduct Discovery

Finally, insofar as Plaintiff argues that she "should at least be permitted to conduct discovery on these issues" because "she has set forth allegations that provide for 'plausible grounds' that State Farm is liable," [Doc. 14 at 17], the Court respectfully disagrees.  As set forth above, the Court finds that Plaintiff has failed to plausibly allege any specific facts from which the Court could infer that State Farm acted unreasonably.  Unadorned, conclusory allegations of wrongful conduct do not entitle Plaintiff to discovery on her extracontractual claims.  *Cf. MAGicAll, Inc. v. Adv. Energy Indus., Inc.*, No. 17-cv-02582-RBJ, 2018 WL 3619720, at *9 (D. Colo. July 30, 2018) (a plaintiff may not initiate litigation "because [s]he thinks that the defendant might have done something wrong and hopes to find something in discovery that will show it").  Indeed, the case law is clear that judges are trusted to prevent discovery from becoming "fishing expeditions" or "an

15

undirected rummaging" for evidence of some unknown wrongdoing. *See Cuomo v. The Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009).

In sum, the Court finds that Plaintiff has failed to plausibly allege that State Farm acted unreasonably. Because unreasonable conduct is an essential element of Plaintiff's extracontractual claims, Plaintiff has thus failed to state a claim for common law bad faith breach of insurance contract or unreasonable delay/denial of insurance benefits. Accordingly, the Motion to Dismiss is granted insofar as Defendant seeks dismissal of Claims Two and Three for failure to state a claim.[4]

### E.  Dismissal With or Without Prejudice

State Farm asks that Claims Two and Three be dismissed with prejudice under Rule 12(b)(6), [Doc. 10 at 13], but fails to explain why dismissal with prejudice is appropriate, *see generally* [*id.*]. Ordinarily, dismissal with prejudice of a complaint that fails to state a claim under Rule 12(b)(6) is appropriate only when "granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006); *Oxendine v. Kaplan*, 241 F.3d, 1272, 1275 (10th Cir. 2001).[5] The Court respectfully declines to craft, on State Farm's behalf, any argument that might justify dismissal with prejudice. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir.

---

[4] To the extent that discovery in this matter yields new facts that support a claim for common law or statutory bad faith, Mrs. LeClear should meet and confer with State Farm and file the appropriate motion pursuant to the Federal Rules of Civil Procedure.

[5] Plaintiff has neither requested leave to amend her Complaint nor amended her Complaint as a matter of right under Rule 15(a)(1)(B). *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course no later than . . . 21 days after service of a motion under Rule 12(b)."); *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (observing that leave to amend need not be granted absent the filing of a formal motion and even a bare request for leave to amend is not sufficient).

2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments on behalf of litigants).

Accordingly, the Court denies in part the Motion to Dismiss insofar as State Farm seeks dismissal with prejudice.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Defendant's Partial Motion to Dismiss Plaintiff's Claims of Common Law Bad Faith and Unreasonable Delay or Denial of Benefits Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, With Prejudice [Doc. 10] is **GRANTED in part** and **DENIED in part**; and

(2) Plaintiff's claims for common law bad faith breach of insurance contract (Claim Two) and statutory unreasonable delay or denial of insurance benefits (Claim Three) in Plaintiff's Complaint [Doc. 4] are **DISMISSED without prejudice** for failure to state a claim.

DATED: March 18, 2025

BY THE COURT:

Nina Y. Wang
United States District Judge