# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 24-cv-01482-NYW-NRN

CYNTHIA RENEE LECLEAR,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## ORDER

This matter is before the Court on the Renewed Motion for Leave to File An Amended Complaint (the "Motion" or "Motion to Amend"). [Doc. 39, filed April 29, 2025]. The Court has reviewed the Motion to Amend and the related briefing. For the reasons set forth in this Order, the Motion to Amend is respectfully **DENIED**.

## BACKGROUND

The Court has previously stated the facts of this case, [Doc. 32 at 1–5], and will only briefly recite the facts by way of introduction here. This case stems from an auto accident on March 17, 2021 in which Plaintiff Cynthia Renee LeClear ("Plaintiff" or "Mrs. LeClear")[1] was driving her vehicle in Arvada, Colorado and collided with another vehicle. [*Id.* at ¶¶ 6, 8]. An officer from the Arvada Police Department who responded to the scene determined that the other driver was at fault for the collision. [*Id.* at ¶ 10]. Mrs. LeClear

---

[1] Both Parties refer to Plaintiff as "Mrs. LeClear." *See, e.g.*, [Doc. 10 at 1; Doc. 14 at 1]. Accordingly, this Court follows this practice.

suffered several injuries as a result of the collision. [*Id.* at ¶ 12].

At the time of the collision, Mrs. LeClear was insured under an automobile insurance policy (the "Policy") issued by Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm"). [*Id.* at ¶ 14]. The Policy provided underinsured motorist ("UIM") coverage with a $250,000 limit. [*Id.*]. The other driver held bodily injury insurance coverage through non-party Progressive Direct Insurance Company ("Progressive"), with a $100,000 limit. [*Id.* at ¶ 18]. The other driver's policy limit was insufficient to cover Mrs. LeClear's losses. [*Id.* at ¶ 19]. Accordingly, Mrs. LeClear filed a UIM claim with State Farm on April 12, 2021. [*Id.* at ¶ 21]. With State Farm's written consent, Mrs. LeClear settled her bodily injury liability claim against the other driver for the policy limits. [*Id.* at ¶¶ 24, 26, 28]. Progressive issued payment to Mrs. LeClear on December 9, 2021. [*Id.* at ¶ 29].

Mrs. LeClear initiated this lawsuit on March 14, 2024 in the District Court for the City and County of Denver, Colorado, asserting the following claims against State Farm: (1) breach of contract for payment of UIM benefits ("Claim One"); (2) common law bad faith breach of insurance contract ("Claim Two"); and (3) unreasonable delay and denial of insurance benefits under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 ("Claim Three"). [*Id.* at 5–8]. State Farm removed the action to the United States District Court for the District of Colorado on May 24, 2024, *see* [Doc. 1], and filed a Partial Motion to Dismiss on May 31, 2024, [Doc. 10]. The Court granted State Farm's Motion to Dismiss in part and dismissed Claim Two and Claim Three without prejudice. [Doc. 32 at 17]. Mrs. LeClear filed the instant Motion to Amend to allege facts to re-assert her claims for common law bad faith and unreasonable delay or denial. [Doc. 39 at 3]. Defendant

2

responded to the Motion, [Doc. 40], and Mrs. LeClear replied, [Doc. 41]. The Motion is thus ripe for review, and the Court considers the Parties' arguments below.

## LEGAL STANDARD

If a party files a motion to amend after the deadline to amend pleadings has expired, the Court considers the request under Rules 15 and 16 of the Federal Rules of Civil Procedure. First, the Court determines whether the movant has demonstrated good cause to amend the Scheduling Order pursuant to Rule 16(b). *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014). Then, the Court considers whether the proposed amendment is appropriate under Rule 15(a). *Id.*

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This standard requires the movant to demonstrate that she cannot meet the scheduling deadlines despite her diligent efforts. *Gorsuch*, 771 F.3d at 1240 (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). A movant can satisfy this burden if she learns new information through discovery. *Id.* Rather than focusing on bad faith of the movant or prejudice to the non-movant, Rule 16(b) focuses on the "diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (quotation omitted).

In addition, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Generally, there is a presumption in favor of allowing a party to amend its pleadings under Rule 15,

3

*see Foman v. Davis*, 371 U.S. 178, 182 (1962), but whether to allow amendment is within the trial court's discretion, *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978–79 (10th Cir. 1996).

## ANALYSIS

Mrs. LeClear moves to amend her Complaint "to include claims of common law bad faith and unreasonable delay or denial of benefits pursuant to C.R.S. § 10-3-1115 . . . and § 10-3-1116." [Doc. 39 at 3]. Mrs. LeClear filed her Motion to Amend on April 29, 2025, [*id.*], after the June 6, 2024 deadline to amend pleadings,[2] [Doc. 24 at 10]. Accordingly, the Court must determine whether good cause exists to amend the Scheduling Order under Rule 16(b)(4) before turning to whether amendment is appropriate under Rule 15. *Gorsuch*, 771 F.3d at 1242.

In her Motion to Amend, Mrs. LeClear does not raise Rule 16, nor does she make an express argument that good cause for amendment exists. *See generally* [Doc. 39]. Instead, she argues that leave should be freely granted under Rule 15(a).[3] *See generally* [*id.*]. While Mrs. LeClear does raise good cause arguments in her Reply, she still does not expressly invoke Rule 16(b). [Doc. 41 at 4]. Regardless, courts generally do not entertain arguments raised for the first time in a reply brief. *See United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011). Furthermore, a movant's failure to assert an argument pursuant to Rule 16(b) is a sufficient basis in itself to deny a motion to amend. *See Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018)

---

[2] The Scheduling Order in this matter was not entered until August 28, 2024, but the Parties jointly proposed, and the Court adopted, a deadline for joinder of parties and amendment of pleadings of June 6, 2024. [Doc. 22 at 10; Doc. 24 at 10].

[3] Nor does Mrs. LeClear make any express undue delay arguments under Rule 15(a). *See generally* [Doc. 39]; *cf. Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (identifying a "rough similarity between the 'good cause' standard of Rule 16(b) and [the] 'undue delay' analysis under Rule 15").

4

(affirming denial of a motion to amend the scheduling order where the movant "made absolutely no arguments to show good cause for late amendment of the pleadings" (quotation omitted)); *Loma v. Allied Universal Sec. Servs.*, No. 21-cv-02214-NYW-SBP, 2024 WL 4554664, at *4 (D. Colo. Oct. 23, 2024) (denying motion to amend without reaching Rule 15 arguments where plaintiff failed to establish good cause).

State Farm argues that Mrs. LeClear's "failure to raise the issue [of good cause] in the opening motion is fatal to [her] request." [Doc. 40 at 5]. State Farm also argues that "the Court should find that Plaintiff has waived any argument" regarding good cause because of her failure to assert any such argument in her opening brief. [*Id.*]. This Court respectfully agrees that Plaintiff's failure to address the good cause standard of Rule 16(b) in her opening brief is a sufficient basis to deny her Motion to Amend. But even considering Mrs. LeClear's argument on Reply, the Court concludes that Mrs. LeClear has failed to meet her burden to establish good cause to amend the Scheduling Order.

First, Mrs. LeClear fails to identify any new factual information that she was unaware of prior to the deadline to amend pleadings. *See generally* [Doc. 39; Doc. 41]. Mrs. LeClear merely states that she is "seeking leave of the Court to file a First Amended Complaint, which pleads specific facts" to support her common law bad faith and unreasonable delay or denial of benefits claims after the Court dismissed them without prejudice. [*Id.* at 4]; *see also* [Doc. 32]. However, State Farm moved to dismiss Mrs. LeClear's common law bad faith and unreasonable delay or denial of benefits claims on May 31, 2024, before the June 6, 2024 deadline for amendment of pleadings; therefore, Plaintiff has had notice of the asserted factual deficiencies since that time. [Doc. 10]. As noted by the Court in its Order on the Motion to Dismiss, Mrs. LeClear did not request

5

leave to amend her Complaint in conjunction with her briefing. [Doc. 32 at 16 n.5]. Plaintiff fails entirely to address why she did not attempt to move to amend prior to the June 4, 2024 deadline. *See generally* [Doc. 39; Doc. 41]. The "good cause" provision requires the movant to demonstrate that she has been "diligent in attempting to meet the deadlines, which means [she] must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quotation omitted).

Second, the lack of identification of any information that was not or could not have been previously known to the Plaintiff weighs against a finding of good cause. *See Bauer v. Crete Carriers Corp.*, No. 18-cv-01536-PAB-SKC, 2019 WL 7290939, at *5 (D. Colo. Nov. 1, 2019) (finding that moving parties did not demonstrate good cause for late amendment when they "[did] not elucidate on what it is they learned or when"). A review of the proposed Amended Complaint reveals that most of the newly articulated facts arose before even the filing of the original Complaint on March 14, 2024. *See generally* [Doc. 39-1]. Furthermore, the proposed Amended Complaint does not appear to reflect any information that was unavailable to Mrs. LeClear prior to the deadline to amend pleadings of June 6, 2024, as the latest date referred to in the proposed amended facts appears to be March 7, 2024—three months before the deadline for amendment of pleadings. *See* [*id.* at ¶¶ 81–82]. Without further detail regarding when and how Mrs. LeClear learned of the alleged "new facts," the Court cannot conclude that good cause arises from "discovery in this matter [that] yield[ed] new facts that support a claim for common law or statutory bad faith." [Doc. 41 at 4 (citing [Doc. 32 at 16 n.4])].

Mrs. LeClear does not argue that she learned new information from Defendant's May 31, 2024 Motion to Dismiss, [Doc. 10], or the Court's March 18, 2025 order granting

6

the Motion to Dismiss, [Doc. 32]. *See generally* [Doc. 39]. To the extent Mrs. LeClear's statements seeking to add "specific facts" can be understood to represent that she obtained new information, Mrs. LeClear has not adequately demonstrated that she diligently and timely moved to amend on April 29, 2025 following the receipt of that such information. *See generally* [*id.*]. Defendant filed the May 31, 2024 Motion to Dismiss prior to the June 6, 2024 deadline to amend pleadings. *See* [Doc. 10]. Therefore, had Mrs. LeClear learned of new information in the Motion to Dismiss regarding the claims at issue, which she does not allege that she did, she could have promptly moved to amend. *Farr v. Jackson Nat'l Life Ins. Co.*, No. 19-cv-04095-SAC-ADM, 2020 WL 5118068, at *1 (D. Kan. Aug. 31, 2020) ("[A] party must also show it acted diligently in moving to amend once it learned of . . . new information."); *Gary G. v. United Healthcare*, No. 2:17-cv-00413-DN-DAO, 2021 WL 778578, at *1 (D. Utah Mar. 1, 2021) ("[T]he moving party must show good cause for failing to move to amend prior to the cutoff date and for the length of time between learning of the new information warranting amendment and moving to amend." (quotation omitted)).

Therefore, Mrs. LeClear fails to demonstrate to the Court how she acted with diligence regarding the timeliness of her Motion to Amend. *Cf. Fountain Valley Inv. Partners, LLC v. Cont'l W. Ins. Co.*, No. 14-cv-01906-MSK-NYW, 2015 WL 7770772, at *2 (D. Colo. Dec. 3, 2015) (where the plaintiff learned of information but "did not realize [its] significance" until discovery had progressed further, finding no good cause because the relevant question was "when the [p]laintiff first learned of new information that it sought to include in its pleadings"); *cf. Ward v. Acuity*, No. 21-cv-00765-CMA-NYW, 2021 WL 4947294, at *4 (D. Colo. Oct. 6, 2021) (finding no good cause when the moving party

7

Case No. 1:24-cv-01482-NYW-NRN   Document 47   filed 07/21/25   USDC Colorado
pg 8 of 8

delayed amending because it did not initially realize the relevance of information it already possessed), *report and recommendation adopted*, 2021 WL 5113580 (D. Colo. Nov. 3, 2021).  Based on the record before the Court, Mrs. LeClear has failed to establish that good cause exists under Rule 16(b) to amend the Scheduling Order.  Having found no good cause under Rule 16(b), the Court need not address the Rule 15 standards for leave to amend.  *See Husky Ventures*, 911 F.3d at 1020 (stating that the failure to assert a Rule 16(b) good cause argument is alone a sufficient basis to deny a motion to amend); *Gorsuch*, 771 F.3d at 1242 (declining to reach the Rule 15(a) issue after concluding that the moving party lacked good cause to amend its pleadings after the scheduling order deadline).

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1)  Plaintiff's Renewed Motion for Leave to File An Amended Complaint [Doc. 39] is respectfully **DENIED**.

DATED:  July 21, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge